Citation Nr: 1438758 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 08-23 768 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to an effective date prior to December 30, 2003, for the award of entitlement to a total disability evaluation based on individual unemployability due to service-connected disabilities (TDIU).

2. Entitlement to a higher rating than 10 percent for osteoarthritis and degenerative disc disease of the spine, prior to October 8, 2009, and greater than 40 percent thereafter.


REPRESENTATION

Veteran represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Sarah Plotnick, Associate Counsel


INTRODUCTION

The Veteran served on active duty from November 1943 to February 1947.

These matters come before the Board of Veterans' Appeals (Board) on appeal from February 2006 and December 2006 rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. In May 2010, the Board remanded these matters for further development. In January 2012, the Board found that there was clear and unmistakable error in an August 1955 rating decision that severed service connection for a spine disability. The Board found that service connection for a spine disability was established from February 14, 1947. That matter was returned to the RO so that appropriate action could be taken with regard to the assignment of a disability evaluation for the Veteran's spine disability since February 14, 1947. In a March 2012 rating decision, the RO assigned a 10 percent disability evaluation for the Veteran's spine disability, effective February 14, 1947. In October 2012, the Veteran filed a notice of disagreement with that decision. By rating decision of March 12, 2012, the rating for his back disability was increased to 40 percent from October 80, 1999. This rating does not represent a full grant on this issue, and must be addressed in a statement of the case per the instructions below. 

In January 2010, the Veteran testified before the undersigned Veterans Law Judge during a Travel Board hearing. A transcript of that proceeding has been associated with the claims file.

This appeal was processed using the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing systems. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).

Finally, in a statement of October 2012, the Veteran refers to his daughter as permanently and totally disabled. While it is unclear what the Veteran claims in this document, the RO must address this matter and it is referred for additional action. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

As noted in the introduction, in October 2012, the Veteran filed a notice of disagreement with the RO's March 2012 rating decision assigning a 10 percent disability evaluation for the Veteran's spine disability. To date, the RO has not issued a statement of the case (SOC) in response to the Veteran's October 2012 notice of disagreement. Where a claimant files a notice of disagreement and the RO has not issued an SOC, the issue must be remanded to the RO for an SOC. See Manlincon v. West, 12 Vet. App. 238, 240-241 (1999).

With respect to the Veteran's claim of entitlement to a TDIU prior to December 30, 2003, the Board finds that, because adjudication of the Veteran's increased rating claim may impact adjudication of the TDIU claim, these claims are inextricably intertwined. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (holding that two issues are inextricably intertwined when they are so closely tied together that a final Board decision on one issue cannot be rendered until the other issue has been considered). The Board acknowledges that it deferred adjudication of this claim in its January 2012 remand; unfortunately, and although the Board regrets any additional delay in adjudicating the Veteran's TDIU claim caused by this remand, adjudication of this claim must be deferred again.


Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Issue an SOC to the Veteran on the issue of entitlement to a disability rating greater than 10 percent for a spine disability prior to October 8, 2009, and greater than 40 percent thereafter. A copy of any SOC issued should be included in the claims file. This claim should be returned to the Board for further appellate consideration only if the Veteran perfects a timely appeal.

2. After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraph, the Veteran's claim for TDIU should be readjudicated based on the entirety of the evidence. If the claim remains denied, the Veteran and his representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response. 

Thereafter, the case should be returned to the Board for further appellate consideration, if otherwise in order. The Board intimates no opinion as to the outcome of this case. The Veteran need take no action until so informed. The purpose of this REMAND is to ensure compliance with due process considerations. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).